1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   RICHARD DAVID WELSH, JR.,              Case No.:  22-cv-01497-WQH-RBB

12                          Petitioner,

13   v.                                     **ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING PETITION WITHOUT PREJUDICE**

14   C. CATES, Warden,

15                          Respondent.

16

17          On September 29, 2022, Petitioner, a state prisoner proceeding pro se, submitted a

18   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 6, 2022, the

19   Court dismissed the case without prejudice because Petitioner failed to satisfy the filing

20   fee requirement. (ECF No. 2.) In its Order, the Court notified Petitioner that in order to

21   have his case reopened he must either pay the filing fee or provide adequate proof of his

22   inability to pay no later than November 18, 2022. *Id.* On October 17, 2022, Petitioner filed

23   a Motion to Proceed In Form Pauperis. (ECF No. 3.)

24                    **REQUEST TO PROCEED IN FORMA PAUPERIS**

25          According to Petitioner's trust account statement, Petitioner has only $3.54 on

26   account at the correctional institution in which he is confined. (*See* ECF No. 3 at 6.)

27   Because Petitioner has insufficient funds to pay the $5.00 filing fee, the Court **GRANTS**

28   Petitioner's application to proceed in forma pauperis and allows Petitioner to prosecute the

1

1  above-referenced action without being required to prepay fees or costs and without being

2  required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas

3  Corpus without prepayment of the filing fee.

4  **FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS**

5  The Petition must be dismissed, however, because this Court lacks subject matter

6  jurisdiction. The only claims raised in the Petition relate to the imposition of a restitution

7  fine. Petitioner argues the fine is excessive and should be reduced. (ECF No. 1 at 3.) Title

8  28 U.S.C. § 2254(a) provides that:

9
> The Supreme Court, a Justice thereof, a circuit judge, or a district
> court shall entertain an application for a writ of habeas corpus in
10
> behalf of a person in custody pursuant to the judgment of a State
11
> court *only on the ground that he is in custody in violation of the*
> *Constitution or laws or treaties of the United States.*
12

13  28 U.S.C. § 2254(a) (emphasis added).

14  The requirement that a habeas petitioner be "in custody in violation of [federal law]"

15  is "jurisdictional." *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir.2010); *cf. Williamson v.*

16  *Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (noting that 28 U.S.C. § 2241(c)(3)s

17  requirement that a habeas petitioner be "in custody in violation of the Constitution or laws

18  or treaties of the United States" is jurisdictional). "The plain meaning of the text of

19  § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction."

20  *See Bailey*, 599 F.3d at 980. Rather, "[it] explicitly requires a nexus between the

21  petitioner's claim and the unlawful nature of the custody." *See id.* (citing *Dickerson v.*

22  *United States*, 530 U.S. 428, 439 n. 3 (2000)). If the remedy sought is merely "the

23  elimination or alteration" of a petitioner's restitutionary obligation, then there is no such

24  nexus between the habeas claim and the petitioner's purportedly unlawful custody. *See id.*

25  at 981; *see also Washington v. Smith*, 564 F.3d 1350, 1350–51 (7th Cir. 2009) (holding that

26  a petitioner did not satisfy the "in custody" requirement because, even if he prevailed on

27  his ineffective assistance claim, "the only possible benefit [would] be a lower payment to

28  his victim"), (quoted with approval in *Bailey*, 599 F.3d at 981–82). In such a case, the

1   action must be dismissed for lack of subject matter jurisdiction. *See Bailey*, 599 F.3d at

2   984.

3          Here, Petitioner's claim challenges the amount of his restitution order. Even if

4   Petitioner prevailed on these claims, he would not obtain early release from custody;

5   instead, he would be entitled to only "the elimination or alteration of a money judgment"

6   (and perhaps the return of funds already paid). *See Bailey*, 599 F.3d at 981. Thus, the

7   "nexus" between these claims and illegal custody is lacking. *See id.* Put another way, the

8   legal theories on which his claims rely are irrelevant — the only relevant consideration is

9   whether his claims would impair the validity of the custodial sentence. *Id.* at 978, 984

10  (affirming dismissal of ineffective assistance claim for lack of subject matter jurisdiction);

11  *Washington*, 564 F.3d at 1351. Because these claims do not affect the legality of

12  Petitioner's confinement, this Court lacks subject matter jurisdiction over the action. *See*

13  *Bailey*, 599 F.3d at 984.

## CONCLUSION

15         For the reasons discussed above, the Court **GRANTS** the application to proceed in

16  forma pauperis (ECF No. 3) and **DISMISSES** the Petition without prejudice, for lack of

17  subject matter jurisdiction.

18         **IT IS SO ORDERED.**

19  Dated:  October 24, 2022

20                                          Hon. William Q. Hayes
                                            United States District Court
21

22

23

24

25

26

27

28